United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS COLEMAN,<br>Plaintiff,<br>v.<br>ARCHER AVIATION,<br>Defendant. | Case No. 5:26-cv-02761-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Pro se Plaintiff Carlos Coleman ("Plaintiff") brings Title VII claims against his former employer Defendant Archer Aviation, Inc., ("Defendant") alleging employment discrimination on the bases of sex and retaliation. Compl., ECF No. 1. Before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Mot., ECF No. 8; Opp'n, ECF No. 14; Reply, ECF No. 18.

After carefully reviewing the relevant documents, the Court finds this motion suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons explained below, the Court **GRANTS** Defendant's motion to dismiss with leave to amend.

Before the Court proceeds, the Court encourages Plaintiff to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves. Help is provided by appointment and on a drop-in basis. The program is located in the United States Courthouse at 280 South 1st Street in San Jose, and parties may make appointments by calling (408) 297-1480. Plaintiff may access the court's Handbook for Pro Se Litigants, available at https://cand.uscourts.gov/pro-se-litigants/ or from the Clerk's Office. Additional information regarding the Federal Pro Se Program is available at

United States District Court
Northern District of California

http://cand.uscourts.gov/helpcentersj.

## I. BACKGROUND

Defendant terminated Plaintiff following a series of complaints regarding altercations with a female coworker. Compl. ¶ 6. Plaintiff alleges that he made his managers "aware of a female, who was doing different things to affect [his] job on 3-5 occasions." *Id.* After every incident, Plaintiff alleges the managers would speak with the female coworker and "[t]hings with her would calm down for a [sic] 2-3 weeks then, she would do something else to sabotage my work for that day." *Id.* Plaintiff also alleges the female coworker "lied to another manager" about Plaintiff, after which the manager "came at [Plaintiff] aggressively about what she had heard from the female." *Id.* Plaintiff later learned "there was an investigation going on" because "the female alleged [Plaintiff] sexually harassed her." *Id.* Ultimately, both Plaintiff and the female coworker were terminated at the same time on January 16, 2025. *Id.* Plaintiff alleges he was wrongfully terminated on the basis of sex and in retaliation for reporting the female coworker. *Id.*

Plaintiff filed charges with the Federal Equal Employment Opportunity Commission ("EEOC") on November 17, 2025, alleging that he was unlawfully terminated on the bases of sex and retaliation. *Id.* ¶ 8. Plaintiff received his Notice-of-Right-to-Sue letter on December 19, 2025, *id.* ¶ 9, and filed the present lawsuit on March 30, 2026.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,*

556 U.S. at 678.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But still, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong" and how they are entitled to relief. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

If the court concludes that a Rule 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

Defendant argues that Plaintiff failed to: (1) timely file his EEOC complaint; (2) timely initiate the present action; and (3) allege facts sufficient to state a claim. The Court agrees.

### A. Filing EEOC Claim

The Civil Rights Act requires a Title VII charge to be filed with the EEOC prior to any litigation in Court. 42 U.S.C. § 2000e-5(e); *see also Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) ("To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim."). In California, the deadline to file an EEOC claim is 300 days following the date of termination. *See Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1478–79 (9th Cir. 1989); *Flores v. Merced Irr. Dist.*, 758 F. Supp. 2d 986, 992–94 (E.D. Cal. 2010).

Here, Plaintiff was terminated on January 16, 2025, therefore his deadline to file a claim with the EEOC was November 12, 2025. Plaintiff filed his EEOC claim five days late, on November 17, 2025. Plaintiff recognizes his EEOC claim was untimely, but urges the Court to equitably toll the EEOC filing deadline for two reasons. First, Plaintiff contends that "[he] wasn't sure [he] could still file the EEOC complaint" due to a government shutdown in October 2025, so he "filed in November just so complaint would be in the system." Opp'n 2. Second, Plaintiff

asserts that his filing was delayed during the time between February 20, 2026, when he sought review of his case from counsel at "D.LAW," and July 14, 2026, when he received their declination of representation. Opp'n 2.

The Court finds these circumstances do not warrant equitable tolling. First, though there was a government shut down in October 2025, the EEOC continued to accept filings during this time. Reply 6. Plaintiff does not allege any facts suggesting that he attempted to file during this time or otherwise researched his ability to do so, in which case he would have presumably discovered this information. Further, Plaintiff's filing window was open for over eight months prior to the publicly announced shutdown, during which time he made no allegations of attempted filing.

Second, Plaintiff's attempt to seek representation is also insufficient to toll his deadline. Courts have held that seeking representation is a standard act for any plaintiff and therefore does not amount to an extraordinary circumstance warranting equitable remedy. *See, e.g., Brock v. Small*, No. EDCV 09-2107 BRO JC, 2013 WL 8211410, at *8 (C.D. Cal. Dec. 2, 2013), *report and recommendation adopted*, No. EDCV 09-2107 BRO JC, 2014 WL 1384575 (C.D. Cal. Apr. 8, 2014)). Further, in D.LAW's letter declining representation, the firm informed Plaintiff of the statute of limitations governing his case: "any claims you might have will be governed by STRICT statute of limitation(s) [..] you should act immediately, without hesitation or delay." Opp'n 6. Plaintiff also notably received D.LAW's communication approximately four months before the deadline to file his EEOC charge. *Id.* In combination with clear warnings, a reasonably diligent person would have attempted filing before this deadline.

Given that neither the government shut down nor the failure to secure representation provide sufficient grounds for equitable tolling, the Court finds Plaintiff's failure to timely file the EEOC claim alone is grounds for dismissal.

**B. Filing Judicial Complaint**

But even if the Court considered the EEOC claim timely, Plaintiff also missed his deadline to initiate the current action.

United States District Court
Northern District of California

Independent from the EEOC charge filing deadline, Title VII litigants are also bound to a 90-day statutory period following the receipt of the Right-to-Sue Letter, a statute of limitations which courts construe strictly. 42 U.S.C. § 2000e-5(f)(1); *Scholar v. Pac. Bell,* 963 F.2d 264, 266–67 (9th Cir. 1992). Similarly, should a litigant fail to meet this deadline, his or her claims are barred as a matter of law.

Here, Plaintiff received a Right-to-Sue Letter on December 19, 2025, invoking a filing deadline of March 19, 2026. Plaintiff filed his lawsuit eleven days late, on March 30, 2026. Again, Plaintiff acknowledges that his complaint is not timely, but nonetheless raises the same arguments discussed above regarding the government shutdown and his attempts to seek representation.

For all the reasons discussed above, the Court finds Plaintiff's circumstances do not warrant equitable tolling. Further, Plaintiff's justifications for missing this second deadline are even more attenuated—neither the shutdown nor the waiting period for D.LAW falls within, or reasonably near, the December 19 to March 19 window for initiating this action.

**C. Failure to State a Claim**

Finally, even if Plaintiff's claims were filed timely, the complaint also fails to state a plausible Title VII claim for discrimination or retaliation.

First, to establish a prima facie case of sex discrimination under Title VII, plaintiffs must show: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that similarly situated employees outside of the protected class received more favorable treatment. *Heilman v. Memeo*, 359 F. App'x 773, 776 (9th Cir. 2009) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)); *see also* 42 U.S.C. § 2000e-2(a)(1). Although Plaintiff's pleadings satisfy the first and third elements—he claims discrimination based on membership in a protected class and he alleges he was terminated—there are no facts alleged to show satisfactory job performance or, most notably, that he was terminated *because of* his sex. Indeed, Plaintiff alleges that the female employee received equal treatment, as she was also terminated because of the conflict.

Second, to establish a prima facie Title VII retaliation claim, plaintiffs must plausibly allege: (1) that he or she engaged in protected activity under 42 U.S.C. § 2000e-3(a); (2) that the defendant took an adverse employment action; and (3) that the adverse action was taken because the plaintiff opposed an unlawful employment practice. *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006) (citing *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252–53 (1981)). Here, Plaintiff alleges he reported his female coworker, not that he opposed an unlawful employment practice. Plaintiff also fails to specific the behavior he was reporting and fails to allege facts suggesting that his reporting caused his termination.

* * *

The Court accordingly **GRANTS** Defendant's motion to dismiss for failure to timely file a claim with the EEOC, failure to timely initiate the current action, and failure to state a claim. The Court is hesitant to grant leave to amend due to the nature of the deficiencies identified in this Order. However, given Plaintiff's status as a pro se litigant, the Court will provide the opportunity to file an amended complaint if he so chooses. *Lopez*, 203 F.3d at 1127 ("[C]ourt[s] should grant leave to amend even if no request to amend the pleading was made, unless [they] determine[] that the pleading could not possibly be cured by the allegation of other facts.") (quotation omitted).

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss. If Plaintiff seeks to file an amended complaint, he must do so by **December 2, 2026**.

**IT IS SO ORDERED.**

Dated: November 4, 2026

EDWARD J. DAVILA
United States District Judge